# Bertha Sehrt, Appellee, v. Marshall E. Sampsell, Receiver, et al.  On Appeal of Val Blatz Brewing Co., Appellant.

## Gen. No. 16,072.

1. INSTRUCTIONS—*when refusal as to non-liability for violation of ordinance not error.* If the plaintiff does not claim a right to recover because of the violation of an ordinance in evidence it is not error to refuse an instruction to the effect that no recovery could be predicated upon a violation of such ordinance.

2. INSTRUCTIONS—*use of word "coolness," as applied to exercise of care.* Held, that the use of the word "coolness" in the following phrase was improper but under the circumstances in this case did not require reversal: "By the exercise of such ordinary care as is to be expected of a man of ordinary coolness and prudence and under such circumstances," etc.

3. VERDICTS—*when not excessive.* Held, in a personal injury action, that a verdict for $5,000 was not excessive where the jury were justified in finding that the plaintiff was severely injured in her head, arms, legs, abdomen and spine, and suffered severe pain.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the HON. WILLARD M. MCEWEN, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed February 26, 1912. *Certiorari* denied by Supreme Court (making opinion final).

F. J. CANTY and R. J. FOLONIE, for appellant.

EDWARD J. GREEN and CHARLES C. SPENCER, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The appellee, hereinafter called plaintiff, brought suit for damages for personal injuries against Marshall E. Sampsell as Receiver of the Chicago Union Traction Co. and the Val Blatz Brewing Co., hereinafter designated for convenience Traction Co. and

Brewing Co., respectively. The jury returned a verdict finding both defendants guilty and assessing the plaintiff's damages at the sum of five thousand dollars; the Court entered judgment thereon and the Brewing Co. comes here on appeal.

In the afternoon of July 5, 1907, the plaintiff was standing on the northeast corner of Halsted and Willow streets, Chicago, waiting to board a north-bound car on Halsted street. While the plaintiff was standing there a driver of the Brewing Co. driving south on Halsted street, with a large, heavy wagon loaded with beer barrels, turned east into Willow street, attempting to cross the street car tracks in front of a north-bound car of the Traction Co. A collision occurred and many of the barrels were knocked off the wagon, one or two of which struck the plaintiff and injured her.

It is contended that the verdict against the Brewing Co. is clearly and manifestly against the weight of the evidence. A very careful and exhaustive analysis of the evidence is presented in the attempt to show that the motorman of the Traction Co. was guilty of negligence, but there was no evidence that the driver of the Brewing Co. was guilty of negligence sufficient to warrant submitting the case against the Brewing Co. to the jury. That there was much evidence tending to show that the motorman was negligent, is, of course, not controverted. There is more evidence tending to show the negligence of the motorman than there is tending to show the negligence of the driver. However, there is the usual conflict of evidence, and very much of it. We can see no good purpose in an extended discussion of the evidence on this proposition. Suffice it to say that we think it very clear that there was sufficient evidence tending to show the negligence of the driver as charged to submit the cause to the jury, and, further, that it was sufficient to sustain the verdict against the Brewing Co.

With the exception of some testimony that the driver of the wagon started to turn east before he reached Willow street, the testimony was practically uncontradicted that when he made the turn and attempted to cross the street car tracks, he drove in an easterly direction on the north side, north of the center, of Willow street. The Traction Co. contended that in turning the corner he should not have turned east, that is, to his left, on the north side of Willow street, but that he should have made the turn to his left on the south side of Willow street, as provided by the following ordinance of the City of Chicago:

"(Streets,—Rules of the Road.) Vehicles crossing intersecting streets. All vehicles when turning corners to the right must be kept inside the center of the street; when turning corners to the left, drivers of vehicles must pass to the right of the central point of the street intersection."

The ordinance was offered by the Traction Co. and, over the objection of the Brewing Co., admitted in evidence. In this connection the Brewing Co. asked the Court to give the following instruction:

"The jury are instructed that the plaintiff has not complained in his declaration that the defendant Val Blatz Brewing Company violated the ordinance in question, admitted in evidence, and the violation of said ordinance, if violated, cannot support a verdict against the Val Blatz Brewing Company."

The Court refused the instruction, and said rulings are urged as reversible error.

There was no claim that the plaintiff was guilty of any negligence. The contest was mainly between the two defendants on the question of liability; each attempting to prove its respective servant was exercising ordinary care and the servant of the other was guilty of the negligence charged against it—the negligent and careless operation of the car by the Traction Co. and the negligent and careless driving of the

wagon by the Brewing Co. The Traction Co. in its attempt to maintain its defense offered in evidence the ordinance, and we think it was properly admitted as a circumstance tending to sustain its contention. The plaintiff made no claim by her averments in her declaration or her proof, that by reason of any claimed violation of the ordinance she was seeking to recover against either defendant, or by any instruction given the jury could it be so inferred, and it was therefore not error to refuse the instruction as offered.

Objection is made to the use of the word "coolness" in an instruction given on behalf of the Traction Co., in effect that the Traction Co. was not guilty if the motorman had no opportunity to avoid striking said wagon "by the exercise of such ordinary care as is to be expected of a man of ordinary coolness and prudence and under such circumstances," etc. A person may be cool and at the same time very negligent or reckless in his conduct, and even though the word "coolness" be coupled with the word "prudence" in the instruction, we think it improper and that it should not have been so used. While the plaintiff might have complained of this instruction if the verdict had been in favor of the Traction Co., we can see no good reason for holding it prejudicial to the appellant.

It is urged that the damages are excessive and the result of passion and prejudice. When the plaintiff observed there was about to be a collision, she ran about twenty feet in her attempt to escape, when a beer barrel struck her in the back, knocking her unconscious. She fell upon a cement sidewalk and there was testimony tending to show that after she fell another barrel hit her on the head. She was in the hospital five weeks. A detailed statement of the bruises and injuries to her head, arms, legs, abdomen and her spine, and her sufferings therefrom, is unnecessary. If the jurors believed her testimony, and they apparently did, the damages, although large, in our opinion

cannot be held clearly and manifestly excessive or the result of passion or prejudice.

The jury were fully and fairly instructed, and other objections urged to the instructions and the rulings of the trial court on the evidence have been duly considered, but we do not think any of them of sufficient merit to require discussion.

The judgment is affirmed.

*Affirmed.*